UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

DIONISIO SANTANA-DIAZ,

    Plaintiff,

    v.

METROPOLITAN LIFE INSURANCE, ET AL.,

    Defendants.

Civil No. 13-1628 (PG)

**OPINION AND ORDER**

Dionisio Santana-Diaz brings this suit against the Metropolitan Life Insurance Company and several codefendants for denying him long-term disability benefits. MetLife moves for summary judgment on the grounds that Santana-Diaz's action is time-barred.

**I.     BACKGROUND**

Because the Court must view all facts in the light most favorable to the non-moving party when considering a summary judgment motion, to the extent that any facts are disputed, the facts set forth below represent the plaintiff's version of the events. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, where Santana-Diaz's asserted facts do not properly comply with Local Rule 56(c) and (e), we deem the defendants' properly-supported statements as admitted. See Sanchez-Figueroa v. Banco Popular de Puerto Rico, 527 F.3d 209, 213-14 (1st Cir. 2008)(affirming district court's decision to deem moving party's statements of facts admitted where opposing party fails to comply with local rules properly). Shell Chemical Yabucoa, Inc maintained an employee welfare benefit

plan in compliance with the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1003(a) (ERISA). (Docket No. 28-3 at 32.) This plan provided long-term disability healthcare benefits to eligible employees of Shell Chemical. (Docket No. 66 at 4, 28.) The long term disability benefits under the plan were provided through a group insurance policy issued by Metropolitan Life Insurance Company (MetLife).

Santana-Diaz worked for Shell Chemical in a variety of capacities, including first as a clerk, and then later as a payroll accountant and as a financial analyst. Santana-Diaz qualified for coverage under the plan. (Docket No. 1 at 5.) In late 2007, Santana-Diaz first complained of several mental and physical ailments, including depression and high blood pressure. His request for short-term disability benefits was approved.

At the expiration of his short-term benefits coverage, Santana-Diaz applied for coverage under the long-term benefits plan administered by MetLife. For 24 months, Santana-Diaz received long-term disability benefits under the group policy administered by MetLife. On November 22, 2010, MetLife notified Santana-Diaz that his long-term disability benefits would be terminated. On August 19, 2011, MetLife issued its final decision denying Santana-Diaz's request for long-term disability benefits on the grounds that his health condition did not qualify him for coverage under the terms of the long-term disability scheme detailed in the plan.

The group policy administered by MetLife contains a 360-day elimination period – requiring proof of disability within three months

from the end of the elimination period.  Starting with his initial claim for short-term benefits, Santana-Diaz had until February 17, 2009 to provide MetLife with proof of ongoing disability to qualify for continuous benefits under the plan.  He did not.

Instead, on August 18, 2013, Santana-Diaz filed this complaint in federal district court.  (Docket No. 1.)  A few months later, in November of 2013, Santana-Diaz filed an amended complaint.  (Docket No. 4.)  On May 12, 2009, Codefendant MetLife moved for summary judgment.  (Docket No. 45.)  On June 19, 2014, Santana-Diaz opposed.  (Docket No. 54.)  Codefendant MetLife replied on July 31, 2014.  (Docket No. 63-1.)  On September 1, 2014, Santana-Diaz sur-replied.  (Docket No. 78.)  We issued an order granting the voluntary dismissal of Santana-Diaz's claims against Codefendants Ikon Group, Inc., (Docket No. 44), and Buckeye Terminals, (Docket No. 80).

## II.   LEGAL STANDARD

Summary judgment is appropriate when the pleadings and the evidence demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  The moving party may successfully support its motion by identifying those portions of "the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of motion only), admissions, interrogatory answers, or other materials," which it believes demonstrate the absence of a genuine issue of material fact.  Fed.R.Civ.P. 56(c)(1).  The party seeking summary judgment bears the initial responsibility of demonstrating the absence

of a genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To determine which facts are "material," a court must look to the substantive law on which each claim rests. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. Celotex, 477 U.S. at 322-23.

In determining whether there exists a genuine dispute of material fact sufficient to preclude summary judgment, the Court must regard the non-movant's statements as true and accept all evidence and make all inferences in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The non-moving party must, however, establish more than the "mere existence of a scintilla of evidence" in support of its position, Id. at 252, and may not rely solely on conclusory allegations or "incredible" statements, Statchen v. Palmer, 623 F.3d 15, 18 (1st Cir. 2010). Moreover, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted). Summary judgment, then, is appropriate if the non-movant fails to offer "evidence on which the jury could reasonably find for the [non-movant]." Id. at 252.

### III. DISCUSSION

MetLife argues that Santana-Diaz's claims are time barred. (Docket No. 45 at 11.) The Court agrees.

Congress has not established a limitations period for ERISA claims brought pursuant to 29 U.S.C. § 1132(a)(1)(B). Santaliz-Rios

Civil No. 13-1628 (PG)                                                   Page 5

v. Metropolitan Life Ins. Co., 693 F.3d 57, 59 (1st Cir. 2012); see also Island View Residential Treatment Ctr. v. Blue Cross Blue Shield of Mass., Inc., 548 F.3d 24, 27 (1st Cir. 2008). In deciding ERISA claims, federal courts borrow the most closely analogous statute of limitations in the forum state. Edes v. Verizon Commc'ns, Inc., 417 F.3d 133, 138 (1st Cir.2005).

However, where the plan itself provides a shorter limitations period, that period will govern as long as it is reasonable. See Island View, 548 F.3d at 27(applying a contractually agreed-upon limitations period to ERISA claim); Rios-Coriano v. Hartford Life & Accident Ins. Co., 642 F.Supp.2d 80, 83 (D.P.R.2009)("Choosing which state statute to borrow is unnecessary, however, where the parties have contractually agreed upon a limitations period, provided the limitations period is reasonable.")(internal quotation marks omitted)).

Here, the plan stated that "[n]o legal action of any kind may be filed against [MetLife]: (1) within the 60 days after proof of Disability has been given; or (2) more than three years after proof of Disability must be filed..." (Docket 36-2 at 33.) As the First Circuit has previously found a contractual provision setting a two-year limitations period on ERISA claims reasonable, see Island View, 548 F.3d at 27, the Court has no difficulty concluding that the three-year period provided by the plan is also reasonable. See Heimeshoff v. Hartford Life & Acc. Ins. Co., 134 S.Ct. 604, 609 (2013) (holding that a contractual limitations provision of three years in a long-term disability benefits scheme governed by ERISA was enforceable); see

also Rios-Coriano, 642 F.Supp.2d at 83 (finding three-year limitations period on ERISA claims reasonable). The three-year limitations period in this case expired on February 18, 2012. Santana-Diaz filed his complaint on August 18, 2013. Because the Court finds that the contractually agreed-upon three-year limitations period applies, Santana-Diaz's claim is time-barred.

In opposition, Santana-Diaz argues that because the final notice issued by MetLife did not include a statement detailing the time frame plaintiff had to file a civil action, he is entitled to equitable tolling.

Where a plan participant was prevented from filing suit by extraordinary circumstances equitable tolling may apply. See Heimeshoff, 134 S.Ct. at 615. But Santana-Diaz was not laboring under extraordinary circumstances: he was made aware of both the time limit for plan participants to file legal action and how the plan calculates time, since these matters were clearly and explicitly laid out in the group policy. (Docket 36-2 at 31-33.) As such, Santana-Diaz cannot provide grounds justifying why the Court should apply the extraordinary measure of equitable tolling. See Tetreault v. Reliance Standard Life Ins. Co., 769 F.3d 49, 57 (1st Cir. 2014) (holding that estoppel would not free a plan participant from satisfying filing deadlines).

## IV. CONCLUSION

Accordingly, the MetLife's motion for summary judgment, (Docket No. 45), is **GRANTED**. The plaintiffs' federal law claims are **DISMISSED WITH PREJUDICE.**

**IT SO ORDERED.**

**In San Juan, Puerto Rico, January 23rd, 2014.**

                                                   **S/ <u>JUAN M. PÉREZ-GIMÉNEZ</u>**
                                                   **JUAN M. PÉREZ-GIMÉNEZ**
                                                   **UNITED STATES DISTRICT JUDGE**